**Maschi v. Maschi**

*Edward Foy,* for plaintiff.
*Joseph Glantz,* for defendant.

KELTON, *J.,* May 6, 1988—By the order which follows, we deny defendant wife's petition to vacate a decree in divorce signed by us on October 27, 1980. However, we hold that the parties are not foreclosed from litigating in this action how the marital real estate at 92 Green Valley Drive, Churchville, Pennsylvania, should be divided between them.

The litigation in this matter has been protracted and complex. Initially, plaintiff husband, in 1978, filed for divorce under the old divorce code. This action was docketed to no. 78-8680. On August 4, 1980, we entered an order permitting the case to proceed under the new Divorce Code, 23 P.S. §§101-801. Thereafter, defendant wife filed petitions for alimony, alimony pendente lite, counsel fees, costs and equitable distribution as well as a counterclaim and a request for leave to take discovery. Following a hearing before a master on the divorce action, he filed a report with the court on September 11, 1980, recommending a divorce. Due notice was provided to defendant and, no exceptions having been filed, a final decree in divorce was filed on October 27, 1980. This decree was docketed to no.80-62063, the new number assigned to the case for the family court division of the prothonotary's office. The divorce decree was silent as to equitable distribution and alimony. No exceptions were filed and no appeal was entered.

On January 13, 1981, the defendant filed a petition for leave to take discovery regarding economic issues. At least two different orders were entered

granting the defendant leave to do so: one by the undersigned directing plaintiff to respond to interrogatories, and another by former judge Harriet Mims on March 18, 1981.

Next, the parties then executed a memorandum of understanding on August 7, 1981, the terms and ramifications of which are currently disputed by both plaintiff and defendant. On December 8, 1983, more than two years later and after plaintiff had remarried and fathered a child, defendant filed a petition to *vacate* the divorce decree under 23 P.S. §602. Section 602 provides that:

"A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or *because of a fatal defect apparent upon the face of the record,* must be made within five years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to hearing or presentation of one side of the case." (emphasis supplied)

Defendant contended that the "fatal defect" that existed on the face of the record was that the divorce decree had been erroneously entered under the 1978 court term and number. Defendant is only partially correct. In fact, the prothonotary's *docket* for no. 80-62063 *does* reflect the entry of the decree, but the decree itself reflects the old 1978 number. There is no dispute whatsoever but that defendant's

then-counsel received notice of the intended entry of the decree and that defendant herself was aware of the fact that it had been entered.

In any event, however, the parties thereafter did, by voluntary written agreement, settle their custody, support and property matters, by the agreement dated August 7, 1981. All matters except one were finally settled. As to the marital residence, the parties agreed that the wife and children could live in the jointly owned residence for six years, after which they agreed that "they can list the home for sale . . ." if either desired and that the proceeds "shall be allocated as agreed by mother and father."

Without securing a ruling on the petition to vacate the decree, defendant reinitiated discovery regarding economic issues. She argues that: (1) since the divorce decree was allegedly invalid for a "fatal defect," economic issues are once again ripe for litigation; and (2) the *sole* purpose of the August 1981 settlement agreement was the resolution of child custody issues. She further asserts that it was never defendant's intention to waive her rights regarding equitable distribution, alimony pendente lite, alimony, counsel fees and costs.

Plaintiff has filed preliminary objections to reactivation of discovery and has moved for summary judgment. He argues that under 23 P.S. §401(j), entry of the decree in divorce terminated all rights which were dependent upon the marital relationship, including economic rights. In the event the prohibition is not absolute, plaintiff alternatively argues that the written memorandum of understanding executed by the parties effectively resolved all economic issues and bars further litigation.

We are thus faced with the following issues:

(1) Whether recordation of a decree in divorce under an allegedly incorrect court term and number

constitutes such a "fatal defect on the face of the record" that under 23 P.S. §602, the decree must be vacated;

(2) Whether under 23 P.S. §401(j), the right to litigate the equitable distribution of marital property by the parties to a divorce action is terminated once a decree in divorce is issued; and finally

(3) Whether the post-divorce memorandum of understanding executed by the parties to this action effectively forecloses any further litigation regarding equitable distribution of marital assets.

We address the first issue only briefly. As we see it, a clerical listing of a filing number having no impact on the final disposition of the case is hardly grounds for vacating a divorce decree. At the parties' request, we transferred this case for decision under the 1980 Divorce Code. That an updated court term and number was not properly assigned by the master to the case caption on the decree is inconsequential. We deny plaintiff's petition accordingly.

As to the second issue, we hold that although the right to litigate equitable distribution does not ordinarily survive where a divorce decree has been issued,[1] we would ordinarily have opened the de-

---

1. See 23 P.S. §401(j):

"Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b). All duties, rights and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again, in like manner as if they had never been married, except where otherwise provided by law."

See also 23 P.S. §401(b):

cree if a timely request had been filed. Clearly, at the time of the decree, both parties and two judges of this court were treating the matter as if equitable distribution issues still were subject to review.

However, much has happened since the decree. Plaintiff's new spouse has had a child and the parties, after various custody and discovery disputes, purported to settle all of their differences. Both parties were represented by independent counsel at the signing of the agreement. Under the circumstances, it would be unjust to reopen those matters which have been settled.

We now turn to the issue of whether the memorandum of understanding executed on August 7, 1981 resolved *all* economic claims between the parties. We note at the outset that the language of this document is unusually straightforward.[2] Fur-

"Any decree granting a divorce . . . shall include after a full hearing . . . an order or orders determining and disposing of existing property rights and interests between the parties . . . In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce. The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that costs be divided equitably as it shall appear just and reasonable."

2. Pertinent sections are as follows:

(1) "Whereas, the parties do desire to resolve and settle all issues, rights, obligations and responsibilities that exist between them growing out of the marriage relationship, and the custody of the children."

(2) Paragraph (7) — "Each party does fully release, forgive and discharge the other of any and all claims, rights or responsibilities except as those specifically set forth herein."

thermore, both parties were admittedly represented by counsel during negotiations and signing of the agreement. Defendant claims that although her counsel was present, however, he did not *sign* the instrument. It is now defendant's position that she acted without benefit of counsel, particularly in that the signature of the parties and only plaintiff's counsel appears at the end of the document. In a deposition taken on May 10, 1985, defendant's former counsel, John D'Lauro, testified that both he and defendant reviewed and discussed each item before it was included in the agreement and that defendant understood the terms of the agreements. Based on our review of Mr. D'Lauro's deposition, there was no indication that he or his client had been misled by the opposing party. Coupled with the clarity of the agreement itself, we accordingly dismiss defendant's argument and hold that the memorandum of understanding effectively resolves all economic issues between the parties except the division of the Churchville residence, which the parties *themselves* agreed to leave open until after the six-year term of occupancy by the wife had expired.

## ORDER

And now, May 6, 1988, defendant's petition to vacate the divorce decree is hereby dismissed with prejudice. The court retains jurisdiction to decide the allocation and division of the parties' residence at 92 Green Valley Drive, Churchville, Pa., in the event the parties cannot amicably agree upon a division.